FILED
NOV - 4 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Charles T. Paladino, )
)
    Petitioner, )
)
v. ) Civil Action No. 10 1894
)
Faron Paramore, U.S. Secret Service *et al.*, )
)
    Respondents. )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of petitioner's "Expedited Petition for Writ of Habeas Corpus Ad Testificandum" accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the case for lack of jurisdiction.

Petitioner is a state prisoner in Marienville, Pennsylvania. He claims that the U.S. Secret Service promised to release him in exchange for information he obtained from a former cell mate about an attack on President Barack Obama. He further claims that the Secret Service "blatantly lied . . . and persuaded [him] to release his information and refused to follow through with [his] release from captivity." Petitioner therefore seeks issuance of a writ of habeas corpus so that he can come to the District of Columbia "for argument." He lists the respondents as Faron Paramore, United States Secret Service, Office of Congressional Affairs Communications Center, and Senator Arlen Specter.

Not only does the petition lack an arguable basis in law and fact, but it also names the wrong respondents and is filed in the wrong court. The proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004);

*Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); accord *Rooney v. Secretary of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) ("jurisdiction is proper only in the district in which the immediate, not the ultimate, custodian is located") (internal citations and quotation marks omitted). Petitioner's custodian is not within this Court's territorial jurisdiction and the ends of justice would not be served by transferring the case to an appropriate judicial district. The case therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: November 3, 2010